Fairview School District, Petitioner *v.* Commonwealth of Pennsylvania, Department of Education and George Atkinson, Respondents.

Argued May 5, 1980, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Donald C. Buseck*, with him *Cygne L. Nemir, Quinn, Gent, Buseck and Leemhuis, Inc.*, for petitioner.

Phillip A. Ayers, Assistant Attorney General, with him *Patricia A. Donovan*, Chief Counsel, for respondent, Department of Education of Pennsylvania.

*William F. Scarpitti, Evans, Johnson, Scarpitti, McCullough & Wittman,* for respondent, George Atkinson.

OPINION BY JUDGE WILLIAMS, JR., September 26, 1980:

The Fairview School District (petitioner) appeals from the decision of the Pennsylvania Secretary of Education (Secretary) not to annul the permanent teaching certificate of respondent George Atkinson.

In June 1975, the Pennsylvania Department of Education (Department) issued to Atkinson, a teacher in the Fairview School District, a permanent teaching certificate for social studies. A permanent teaching certificate, also known as an Instructional II certificate, is issued to a school teacher pursuant to Section 1205 of the Public School Code of 1949.[1] Under that Section, one of the requirements for the issuance of a permanent certificate is a showing, by the teacher, of the "successful experience of three years' teaching" on a provisional certificate in approved elementary or secondary schools. The 1975 issuance of the permanent certificate to respondent Atkinson was supported by the affirmation of the superintendent of the Fairview School District.

On April 3, 1978, the superintendent of the School District wrote to the Secretary and requested the annulment of Atkinson's permanent certificate.[2] As a result, the Secretary served upon Atkinson an Order to Show Cause why the Instructional II certificate should not be annulled. The show cause order alleged that Atkinson never had a permanent assignment to

---

[1] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §12-1205.

[2] 22 Pa. Code §49.64.2(b) provides in pertinent part: "Any professional certificate . . . obtained by fraud or mistake shall be considered void *ab initio* and shall be annulled by the Secretary after notice and hearing. . . ."

teach social studies in any school between 1971 and the date of the show cause order, April 25, 1978. It was therefore further alleged that the issuance of the permanent certificate to Atkinson was improper and in violation of Section 1205 of the Public School Code.[3]

Atkinson answered the show cause order, and admitted that he never had a permanent assignment to teach social studies in any school during the period alleged. However, he asserted in his answer that during the time that he was employed as a "Home and School Visitor", he spent over 50% of his time in classroom teaching. Atkinson also contended, in his answer, that there was no legal requirement that he spend three years of *full time* teaching in the subject of his provisional certification in order to gain a permanent certificate in that same subject area. The respondent also requested a hearing.

According to the Director of the Department's Bureau of Teacher Certification, a year of teaching for certification purposes is one in which the person spends at least 50% of his time teaching in the area of his certification. According to the Director, a person could properly obtain a permanent certificate without three *full years* of teaching.[4]

The evidence established that respondent Atkinson began employment with the Fairview School District in the fall of 1971 as a substitute teacher and part time

---

[3] The Order to Show Cause also alleged that the certificate was issued in violation of Section 1252 of the Public School Code, 24 P.S. §12-1252, and 22 Pa. Code §49.83. Section 1252 prohibits a person to teach in a public school unless he has met state certification requirements. 22 Pa. Code §49.83 repeats, substantially, the requirements of Section 1205 of the Public School for the issuance. of a permanent certificate.

[4] Dr. Ronald Corrigan, Director of the Bureau of Teacher Certification, Pennsylvania Department of Education, so testified at the hearing, after being called as an expert witness for the School District, on the requirements for certification.

Home and School Visitor. In May 1972, the Department of Education issued him a provisional or Instructional I teaching certificate for the subject area of social studies. In the fall of 1972 he was made a full time employee of the School District. As a full time employee Atkinson was given the position of Home and School Visitor; and he held that position until June 1974. In September 1974, he began serving as Itinerant Teacher and School District Facility Coordinator. On June 16, 1975, the Department issued Atkinson the permanent or Instructional II certificate that is the subject of this case.

As of the time the show cause order was issued, April 1978, the respondent was still employed as Itinerant Teacher and School District Facility Coordinator.

At the hearing before the Department of Education, Atkinson moved to amend his answer to the show cause order. Having alleged that over 50% of his time as Home and School Visitor was spent in classroom teaching, he wished to include an allegation that there were three years in which he spent over 50% of his working time teaching *social studies.*

The hearing examiner permitted the amendment over the objection of counsel for the School District. Counsel's specific objection was that to allow proof of the particular subject taught, social studies, created unfair surprise. The ruling permitting the amendment, and that evidence, is one of the issues raised by petitioner School District.

The School District argues to this Court that the hearing was conducted in a "procedurally inappropriate" manner. That argument is based on the following contentions:

(1) counsel for the petitioner was unaware that the Department of Education's role in the

proceedings would be that of fact-finder and not "prosecutor";

(2) counsel for the petitioner was under the impression that his witnesses were to appear on behalf of the Department;

(3) counsel for the petitioner believed that his role was merely to assist the Department and was not aware he would be expected to "carry the ball."

(4) the amendment of Atkinson's answer surprised petitioner's counsel and thereby prejudiced the presentation of petitioner's case.

Regarding the first three of these complaints, those concerned with the Department's role at the hearing, we see no basis for reversal. There was no pre-hearing indication by the Department that it would act other than as fact-finder and adjudicator in the proceedings. Five weeks before the hearing the Department wrote to the attorneys representing the School District and Atkinson, and clearly indicated that it would be the role of the attorneys to present the case for their respective clients. The Department's letter even advised both attorneys of when *their* briefs were due. However, for a reason independent of those facts, we may not in this appeal even consider the petitioner's objection to the Department's role at the hearing; for it is in this appeal that the objection is raised for the first time.

When counsel for the School District was told by the examiner, at the inception of the hearing, that the Department would not be acting in a prosecutorial role, counsel made no objection, but instead remarked, "fine." If the petitioner had a serious objection to the Department's restricted role in the proceedings below, the objection should have been raised at the administrative hearing. Section 703(a) of the Administrative

Agency Law, 2 Pa. C. S. §703(a), makes it clear that, apart from a challenge to the validity of a statute, a party may not raise on appeal any objection not properly raised before the agency unless allowed by the court upon due cause shown. *Soja v. Pennsylvania State Police,* 43 Pa. Commonwealth Ct. 226, 402 A.2d 281 (1979). The instant petitioner has not asserted any such "due cause."

The petitioner's imputation of error to the permitted amendment of Atkinson's answer must fail. The respondent's answer contained an allegation that while a full time employee in the position of Home and School Visitor, he spent over 50% of his time in classroom teaching. The purpose of the amendment was to allege and permit proof that during the period of his provisional certification there were three years in which he devoted over 50% of his time to teaching *social studies.* Since Atkinson's original pleading alleged that he taught while holding the office of Home and School Visitor and performed assignments as an Itinerant Teacher from September 1974, those allegations were broad enough to permit him to prove the specifics of his teaching during that period, even without amendment.

However, in permitting Atkinson to make his initial, central allegations more specific, the hearing examiner did no more than she could have directed Atkinson to do, *sua sponte,* under 1 Pa. Code §35.50. That regulation empowers the presiding officer at an agency hearing, on his own motion, to direct a party to state his case by way of amendment more fully or in more detail.

Furthermore, it is difficult to imagine how the amendment could have added a surprising element to the case, as petitioner contends it did. The show cause order itself, which came in the wake of the petitioner's request for an annulment, made the teaching of *social*

*studies* between 1971 and 1978 the issue of the case.[5] To allow the respondent to prove that he had spent the requisite amount of time teaching social studies between 1972 and 1975, can hardly be deemed the injection of a new issue into the case.

The petitioner next contends that the Secretary's adjudication viewed the School District as having the burden of proof in the proceedings. However, our review of the adjudication as a whole reveals that it was based on the acceptance of Atkinson's testimony that during his period as Home and School Visitor and as Itinerant Teacher he spent 50% of his time teaching social studies. The weight and credibility of that evidence was for the Secretary to determine, not this Court. *Bovino v. Board of School Directors of Indiana Area School District*, 32 Pa. Commonwealth Ct. 105, 377 A.2d 1284 (1977). Simply because the Secretary's adjudication pointed out that the School District had not presented rebuttal evidence, does not mean that the *burden of proof* had been placed on the School District. The adjudication makes it clear that the Secretary's decision was based on a consideration of *all* the evidence presented. The lack of rebuttal was a factor which the Secretary could consider in weighing the testimony of Atkinson.

This Court must affirm the order of the Secretary unless constitutional rights were violated, there was an abuse of discretion, an error of law was committed, or a necessary finding of fact is unsupported by substantial evidence. *E.g., Steffen v. Board of Directors of South Middletown Township School District*, 32 Pa. Commonwealth Ct. 187, 377 A.2d 1381 (1977). Within

---

[5] Although the Order to Show Cause put in issue the years between 1971 and 1978, it would seem that the issue should have been narrowed to the period between the issuance of the provisional certificate and the issuance of the permanent certificate, 1972 to 1975.

that scope of review, we have no basis for disturbing the Secretary's order in this case.

ORDER

AND Now, the 26th day of September, 1980, the order of the Secretary of Education dated May 8, 1979, at No. 78-2, is affirmed.