Appeal of Richard M. Schultz, an individual. Richard M. Schultz, Appellant.

Argued November 20, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Joseph M. Ludwig,* for appellant.

*John R. Orie, Jr., Orie & Zivic,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., March 19, 1981:

Richard M. Schultz (appellant) appeals from an Order of the Court of Common Pleas of Allegheny County which affirmed his dismissal from the police department of Hampton Township (Township) by the mayor of the Township.

The appellant was a rookie patrolman employed by the Township. He was on duty during the early morning hours of September 6, 1978, when he received a radio report of a possible burglary. In response to this report, he proceeded to the Radio Shack store in the Hampton Plaza shopping center. Two other officers, both veterans, had also responded to the call, and were at the store when the appellant arrived.

The officers found no indication of a burglary upon their arrival; however, the door of the store was open. Instead of promptly securing the premises, these officers proceeded to remove several carloads of merchandise from the store. Conflicting evidence was presented as to the appellant's role in this crime. It remains his position that he was never a willing participant therein; but that he, being shocked and intimidated by the larcenous machinations of his seasoned brethren officers, merely feigned participation in the crime while awaiting an opportune moment to turn the others in. Although he did so two days later, he was treated no differently than his comrades. Criminal charges were brought against him, which led to his dismissal from the police force.

The disclosure of the burglary incident occasioned a public scandal. The appellant was tried and acquitted of the criminal charges in a highly publicized jury trial. Thereafter he requested and was granted a hearing on his dismissal from the police department pursuant to the Police Tenure Act[1] (Act). The mayor of

---

[1] Act of June 15, 1951, P.L. 586, §§1 et seq., as amended, 53 P.S. §§811 et seq.

the Township presided over this hearing, after which the appellant's dismissal was upheld. Schultz appealed the mayor's decision to the Court of Common Pleas of Allegheny County. That court affirmed the mayor's decision without hearing additional evidence. From that Order the instant appeal followed.

The appellant asserts that his rights to due process were denied by the nature and conduct of the proceedings before the mayor. Appellant urges that collusion among the mayor, the superintendent of police, and the prosecutor resulted in an impermissible commingling of the prosecutorial and adjudicatory functions; and that the court below erred as a matter of law in failing to reverse the mayor's decision because of bias against him at his administrative hearing. We have thoroughly reviewed the lengthy record before us, and conclude that the appellant's assertions are without merit.

We first address the appellant's contention that an impermissible commingling of the prosecutorial and adjudicatory functions occurred below. It is the appellant's position that Section 4 of the Police Tenure Act[2] improperly authorized the mayor, as the Township's appointing authority, to take disciplinary action against a policeman and also to adjudicate the propriety of his own actions if the officer demands a hearing on the charges against him. The particular instance of impropriety alleged by the appellant concerns the mayor's role in the investigation of the matter which he ultimately adjudicated at the administrative hearing below. The appellant argues that the mayor, by signing subpoenas and other documents in this record, played an active part in the prosecutorial function.

_____
[2] 53 P.S. §814.

The issue presented by these allegations is not novel to the appellate courts of this Commonwealth. Our Supreme Court has held that so long as the prosecutorial and judicial functions of an administrative agency are separated adequately, due process is preserved. *State Dental Council and Examining Board v. Pollock*, 457 Pa. 264, 318 A.2d 910 (1974). This Court has had occasion to apply the principles of adequate separation of these functions to the provisions of the Police Tenure Act, 53 P.S. §§811 *et seq.*; and we have specifically held that the Act does not deny due process to a police officer where the chairman of a township board of supervisors prepared charges against that officer, and later presided at the officer's suspension hearing. *Barr v. Pine Township Board of Supervisors*, 20 Pa. Commonwealth Ct. 255, 341 A.2d 581 (1975).[3] Clearly, the instant appeal falls squarely within the procedural rule of *Barr, supra*; and appellant's contentions to the contrary must be rejected.[4]

We next address the appellant's contention that he was denied due process because his administrative hearing was conducted before a biased tribunal.

---

[3] See also, *Kelly v. Warminster Township Board of Supervisors*, 44 Pa. Commonwealth Ct. 457, 404 A.2d 731 (1979); *Rayne v. Edgewood School District*, 19 Pa. Commonwealth Ct. 353, 339 A.2d 151 (1975).

[4] The appellant urges that the mayor in the instant case played a substantive rule in the investigation of officer Shultz prior to the administrative hearing. To support this allegation, appellant offers evidence that the mayor signed the Township's Notice of Termination sent to the appellant on September 15, 1978, which stated the charges against Shultz. By signing this document the mayor was merely executing the duties of his office as required by the Administrative Code of Hampton Township, Ordinance 191 of which requires the mayor to approve charges filed against a township police officer. Such an act by the Township's executive officer does not constitute prosecution. See *Northeast Dodge Co. v. State Board of Motor Vehicle Manufactures, Dealers, and Salesmen*, 54 Pa. Commonwealth Ct. 82, 420 A.2d 771 (1980).

This Court has established the rule that a decision made by a tribunal after a formal adversarial hearing, where that tribunal has previously generally supervised an investigation into the same matter or made a pre-hearing determination of probable cause, is not per se an adjudication rendered by a biased tribunal, as long as the prosecutorial and investigatory aspects of the matter are adequately separated from the adjudicatory function. *Redo v. West Goshen Township*, 42 Pa. Commonwealth Ct. 468, 401 A.2d 394 (1979); *Bruteyn Appeal*, 32 Pa. Commonwealth Ct. 541, 380 A.2d 497 (1977). Since we have concluded that the adjudicatory function was adequately separated from the investigation and prosecution below, appellant must establish bias on other grounds. He attempts to do so by alleging a malicious predisposition against him on behalf of the mayor, who presided over the administrative hearing. To support this allegation, appellant presents statements attributed to the mayor by the local press; allegations of an alleged clandestine conspiracy against Schultz by the mayor and the superintendent of police; and allegations of improper delay and improper subpoenas in the administrative hearing process.

This Court is convinced that these allegations, which were considered by the court below, were properly rejected after that court's review. We likewise reject them, and affirm the Order of the Court below.

ORDER

AND Now, the 19th day of March, 1981, the Order of the Court of Common Pleas of Allegheny County, at No. SA 856 of 1979, is affirmed.

Judge MACPHAIL dissents.