Robert E. Kujawa, Appellant *v.* City of Williamsport, Appellee.

Argued February 5, 1982, before Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Peter T. Campana, Campana & Campana,* for appellant.

*Ronald C. Travis,* Assistant City Solicitor, for appellee.

OPINION BY JUDGE MACPHAIL, June 3, 1982:

Robert E. Kujawa (Appellant) was dismissed from the City of Williamsport's (City) police force for misconduct which violated the City's Police Rules and Regulations. Specifically, Appellant was observed on two occasions putting gasoline into his personal car from a pump maintained by the City for use by the employees on City business. On both occasions there was a "stake-out" and the testimony of the eyewitnesses was clear as to what occurred and who was involved. Appellant testified in his own behalf to try to explain his actions but the conflict in the evidence was resolved by the City's Council against Appellant after a full and fair hearing.

On appeal to the Court of Common Pleas of Lycoming County, Judge RAUP concluded after a review of the record that the City Council's findings and conclusions were supported by substantial evidence in the record and affirmed the City's action of dismissal. This appeal followed.

Appellant contends in this Court that the evidence was insufficient to sustain the charges against him and that the City abused its discretion in ordering his discharge.

Appellant's appeal to the court of common pleas was taken pursuant to the authority found in 2 Pa. C. S. §752. The trial court's scope of review in such cases is set forth in Section 754(b) of the Local Agency Law, 2 Pa. C. S. §754(b).[1] Where the trial court takes no additional evidence our own scope of review

---

[1] Section 754(b) provides, in pertinent part, that:

[T]he court shall affirm the adjudication unless it shall tional rights of the appellant, or is not in accordance with find that the adjudication is in violation of the constitu-

is the same as that of the trial court and is directed likewise to the findings and conclusions of the City Council. *Gabauer v. Civil Service Commission*, 6 Pa. Commonwealth Ct. 646, 297 A.2d 507 (1972).

As Judge RAUP noted in his opinion, the decision to dismiss an employee of 19 years at a time approximately one year from his retirement, is a "monumentuous" one. Our review of the record indicates that the City Council was well aware of its heavy responsibility and gave great latitude to Appellant with respect to the evidence presented on his behalf. Our review of the record indicates also, however, that the evidence against the Appellant was nearly overwhelming leaving both City Council and the trial court with little choice other than to find Appellant guilty of the misconduct with which he was charged.

It is contended, nevertheless, that in view of Appellant's long and apparently unblemished record, City Council abused its discretion when it ordered Appellant discharged. In *City of Bethlehem v. Gawlik*, 30 Pa. Commonwealth Ct. 390, 374 A.2d 540 (1977), this Court held that the function of the courts is merely to make sure that just cause for dismissal exists, both factually and legally, and that it is not for the trial court nor for this Court on appeal to decide what penalty should be meted out. The mere fact that City Council did not refer to Appellant's long and unblemished record in their findings of fact does not impinge in any way upon their conclusion that Appellant's misconduct warranted his discharge.

---

law, or that the provisions of Subchapter B of Chapter 5 (relating to practice and procedure of local agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence.

As we have already noted, there was substantial evidence to support the finding of the City Council that there was just cause to dismiss Appellant. We find that no error of law was committed nor were any of Appellant's constitutional rights violated by City Council. The proceedings of City Council were in accord with Sections 551-555 of the Local Agency Law, 2 Pa. C. S. §§551-555. The order of the trial court affirming the dismissal of Appellant by City Council must be affirmed.

## ORDER

The order of this Court is that the Order of the Court of Common Pleas of Lycoming County dated February 6, 1981 dismissing the appeal of Robert E. Kujawa from the decision of the City Council of the City of Williamsport be and the same is affirmed.

Judge MENCER did not participate in the decision in this case.