Theodore E. Clites, Appellant *v.* Township of Upper Yoder et al., Appellees.

Argued October 5, 1983, before Judges ROGERS, BARRY and BARBIERI, sitting as a panel of three.

*William A. Weiler,* for appellant.

*William K. Eckel,* for appellees.

OPINION BY JUDGE ROGERS, December 8, 1983:

This is the appeal of Theodore E. Clites from an order of the Court of Common Pleas of Cambria County affirming the decision of the Board of Supervisors of Upper Yoder Township to remove the appellant from his position of chief of the township police force.

The appellant's removal from office was for his failure to deliver to the assistant chief of police, on order of the Board of Supervisors, the logbooks in which police officers record their activities while on duty. In 1981 the Board directed the appellant to deliver all police records back to 1974 to the assistant chief. The appellant failed to deliver the logbooks for any year before the year 1979 and some of the logbooks for 1979 because he had thrown them out in the trash. The Board of Supervisors voted to remove the appellant and then formally charged him with violation of an official duty; inefficiency; neglect; intemperance; disobedience of orders; and conduct unbecoming an officer, each of which charge is made a ground for removal by Section 2 of the Act of June 15, 1951, P.L. 586, *as amended,* 53 P.S. §812.

At the public hearing conducted by the Board at the demand of the appellant, counsel for the appellant challenged one of the supervisors for bias on the ground that the appellant had charged him with a criminal offense. The lawyer appointed specially to

advise the Board at the hearing, believing that the circumstances did not require recusal, declined to advise the supervisor to step down. As for evidence, the appellant's counsel stipulated for his client that the logbooks in question were not produced because "they don't exist. They were disposed of by Chief Clites. Thrown away with trash." It was shown at the hearing that there were no copies of the material recorded in the logbooks and that at least some of the information contained in them was not recorded elsewhere or otherwise available. The appellant did not testify.

The Board concluded that the appellant's destruction of the logbooks was conduct unbecoming an officer; inefficiency; neglect; intemperance; disobedience of orders; and violation of an official duty. The Board also noted that the appellant's destruction of records was in their opinion a violation of Section 4911(a)(3) of the Pennsylvania Crimes Code, 18 Pa. C. S. §4911 (a)(3), which provides that a person commits a criminal offense when he intentionally and unlawfully destroys any record belonging to or kept by the government for information.

The appellant appealed his removal to the court of common pleas suggesting that the record made by the Board of Supervisors was not full and complete and requesting that additional evidence be heard by the court. The hearing judge heard the appellant's additional evidence. This consisted of his testimony to the effect that he had never been ordered by the supervisors not to destroy logbooks; and that one of the supervisors took the logbooks and other "garbage" from the township offices to the dump in a truck. He admitted however that he could not say that the supervisor knew that the logbooks were among the materials taken to the dump. Also, a supervisor who was in office at the time the appellant was ordered to deliver the logbooks to the assistant chief of police, but

not at the time of the appellant's hearing, testified that he had intended to make an audit of the township records but that he had not intended to audit the logbooks. Finally, the supervisor who was not a recusant at the Board's hearing and who was called as on cross-examination testified that he had in fact been arrested by the appellant and charged with an offense for which he was placed in the Accelerated Rehabilitative Disposition Program but that he bore no animus toward the appellant on this account.

The hearing judge overturned the Board of Supervisors' removal action and ordered that the appellant be reduced to the rank of patrolman and that he be suspended from duty for six months.

Both parties petitioned the lower court for reconsideration of the hearing judge's order. The court *en banc* granted these applications and thereafter by vote of two to one vacated the hearing judge's order and affirmed the Board of Supervisors' order of removal. The majority of the court included the hearing judge. In his opinion for the court *en banc,* the hearing judge wrote that it had been error for him to hear additional testimony because the record of the proceedings before the Board of Supervisors had in fact been full and complete, with reference to 2 Pa. C. S. §754(a) and (b) providing respectively that "[i]n the event that a full and complete record of the proceedings before the local agency was not made, the court may hear the appeal de novo, or . . . remand" and that if "a full and complete record of the proceedings before the local agency . . . was made, the court shall hear the appeal without a jury on the record certified by the agency." The court *en banc* upon review of the record made at the Board of Supervisors' hearing affirmed the Board's adjudication.

We have provided the history of the common pleas court proceedings as a basis for our conclusion that

the matter, having been, we believe correctly, decided on the basis of the proceedings before the Board of Supervisors only, our review is limited to the record and order made by the Board of Supervisors. We, as was the trial court, are constrained to affirm the Board's adjudication unless we should find that it is in violation of the constitutional rights of the appellant or is not in accordance with law or that any essential finding of fact made by the Board is not supported by substantial evidence. 2 Pa. C. S. §754(b).

The appellant presents two questions. The first is that of whether the evidence produced at the Board of Supervisors' hearing supports the conclusion that the appellant's conduct was unbecoming an officer; inefficient; neglectful; intemperate; in disobedience of orders; or a violation of an official duty. Of course, it is not necessary that his actions fit neatly into each of these categories. We agree with the Board of Supervisors that the destruction of the logbooks without notice or explanation was violation of official duty, inefficiency, and neglect. It was also arguably intemperance and conduct unbecoming a police chief.

The appellant also contends that the Board of Supervisors failed to prove that any harm had been done the township by his act of destroying the police logbooks. The logbooks were governmental records and township property. They were no more the proper subject of destruction at the apparent whim of the chief of police, than the office safe. Indeed, since records belonging to and kept by the government for information are protected from intentional and unlawful destruction by provision of the Crimes Code, it would appear that a chief of police should be more astute to preserve records than other public property committed to his charge.

The appellant also complains that his right to due process was violated by the commingling of the prose-

cutorial, investigative and adjudicative functions of the supervisors. Insofar as the prosecutorial function is concerned the township solicitor represented the township in presenting the charges at the hearing but outside counsel advised the Board of Supervisors during the hearings and thereafter. The record reveals that the hearing was conducted with perfect impartiality. The combination of investigative and adjucatory functions is not a violation of due process absent a showing of actual bias. The fact that the tribunal has generally investigated a matter and made a prehearing determination with respect to bringing charges is not violative of due process. *Kujawa v. City of Williamsport,* 67 Pa. Commonwealth Ct. 38, 445 A.2d 1348 (1982); *Appeal of Schultz,* 58 Pa. Commonwealth Ct. 24, 427 A.2d 290 (1981); *Kelly v. Warminster Township Board of Superviors,* 44 Pa. Commonwealth Ct. 457, 404 A.2d 731 (1979); *In Re: Appeal of Redo,* 42 Pa. Commonwealth Ct. 468, 401 A.2d 394 (1979); *Bruteyn Appeal,* 32 Pa. Commonwealth Ct. 541, 380 A.2d 497 (1977).

The appellant also asserts that actual bias existed because the supervisor whom he had charged with a criminal offense did not refuse to act in response to his challenge. Not only had the charges against the supervisor been disposed of at the time of the hearing by his placement in the Accelerated Rehabilitative Disposition Program, his participation was not crucial, the supervisors having voted 3-0 for the appellant's removal.

Order affirmed.

### ORDER

AND Now, this 8th day of December, 1983, the order of the Court of Common Pleas of Cambria County in the above-captioned matter is affirmed.

Judge BARRY dissents.