In Re: Appeal of Samuel Petryszak From Decision of the Board of Supervisors of Falls Township etc. Samuel Petryszak, Appellant.

Argued December 8, 1983, before Judges WILLIAMS, JR., BARRY and BARBIERI, sitting as a panel of three.

*Ronald Jay Smolow, Groen & Smolow,* for appellant.

*R. Michael Carr,* with him, *Stephen J. Springer, LaBrum and Doak,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., June 27, 1984:

Samuel Petryszak has appealed from an order of the Court of Common Pleas of Bucks County affirming his dismissal from employment by the Township of Falls (Township).

In February of 1978, Mr. Petryszak became employed by the Township as a Code Enforcement Officer. In November 1980, Petryszak was hospitalized for about five days as a result of his having suffered chest pains. He was diagnosed as having a "myocardial insufficiency," which, in lay terms, meant that his coronary artery was unable to transport sufficient quantities of blood to the heart muscle. According to the medical reports, the symptoms of Mr. Petryszak's condition were chest pain and fatigue brought on by stress and physical exertion.

At some point in early December 1980, Petryszak's physician advised him that he was able to resume work on a *part-time* basis. A few days after receiving that advice, Petryszak approached his departmental supervisor and sought to return to work, part-time. However, the Township Manager decided that Petryszak could not be allowed to resume his job on a part-time, or limited-duty, basis. Shortly after that decision, Petryszak received from his employer a letter which, in effect, stated as follows: that the Township would not allow Petryszak to return to work until his doctor confirmed in writing that Petryszak could per-

form his job duties *without limitation*. That letter had been sent by the departmental supervisor, as a result of his conference with the Township Manager about Petryszak's situation.

On February 13, 1981, Petryszak obtained from his physician, Dr. William T. McKenna, D.O., a written certification of ability to resume full-time work. That same day, Petryszak presented the certification to his supervisor and stated that he was ready to start working again. The Township, however, would not allow Mr. Petryszak to resume his duties until he was examined by a heart specialist selected by the Township. To that end, the Township engaged the services of Dr. J. Edward Pickering, a cardiologist from Philadelphia.

Dr. Pickering, after considering Petryszak's medical and personal history, and after giving him an examination, concluded that the employee had a heart condition which necessitated the avoidance of physical exertion and stress. Because Petryszak's job, as the evidence depicts it, did involve physical exertion and the possibility of stress, Dr. Pickering determined that Petryszak was no longer capable of performing the duties of his job.[1] Dr. McKenna, Petryszak's own physician, later testified that he did not know the exact nature of his patient's work when he advised him to return to his job.

On April 23, 1981, which was about three weeks after Dr. Pickering had given the Township his medical report, the Township informed Petryszak in writ-

---

[1] In his employment with the Township, Mr. Petryszak was primarily a plumbing inspector. In the performance of his duties, he had to spend several hours a day inspecting buildings and building sites; had to climb in and out of trenches or other excavations; had to go up and down ladders and stairs; and occasionally had to confront property owners and contractors about code-enforcement matters.

ing that he was to be terminated effective May 6, 1981. That decision, as the Township's notice stated, was based on the report of Dr. Pickering. It should be noted that, from the time Mr. Petryszak went into the hospital—November 13, 1980—until the effective date of his dismissal from employment—May 6, 1981—he had remained on the Township's payroll, receiving sick-leave pay.

In his employment with the Township, Petryszak did not have "civil service" status as such. However, by virtue of Section 51-6(B)(14) of the Township's Code, no employee could be discharged without "just cause." Based on that provision, Petryszak appealed his dismissal to the Township's Board of Supervisors (Board). The Board, after conducting an evidentiary hearing at which the appellant was represented by counsel, issued a written adjudication upholding the dismissal. The Board concluded that, according to reliable medical evidence, Mr. Petryszak had a heart condition that disabled him from fully performing his job; and that the disability or impairment constituted "just cause" for his discharge from employment.

Although the Board found that the Township had a policy which, under some medical circumstances, would allow "unlimited sick-leave," the Board concluded that the policy was not one which entitled Petryszak to convert his job into a part-time position, or which excluded physical disability as a cause for discharge. In response to the Board's adjudication, Petryszak filed an appeal to the Court of Common Pleas of Bucks County, pursuant to Section 752 of the Local Agency Law.[2]

The trial court, following the direction of Section 754(b) of the Local Agency Law,[3] heard the matter on

---

[2] 2 Pa. C. S. §752.
[3] 2 Pa. C. S. §754(b).

the basis of the record made before the Board. As a result of its review, the trial court entered an order affirming the Board's adjudication. The instant appeal was Petryszak's next step.

The appellant does not challenge the finding that he has a heart ailment which has rendered him incapable of doing his former job. In urging us to reverse the trial court's order, Mr. Petryszak presents but one argument: He asserts that the Board erred in its decision as to his rights under the Township's sick-leave policy. Seizing upon the Board's finding that the Township has a policy of "unlimited sick-leave," Petryszak contends that the policy protected him from being discharged for his physical disability.[4]

Aside from the fact that the appellant, in the proceedings before the Board, never established any of the specific terms of the sick-leave policy, his argument concerning it is so devoid of merit as to cross into the realm of absurdity. The appellant would have us imagine that, under the Township's sick-leave policy, he had the right to remain on the payroll indefinitely—regardless of his permanent physical inability to resume his job. We decline to impose such an obligation on the Township.

Since the trial court did not take additional evidence in this case, our scope of review is limited to determining whether the Board violated the appellant's constitutional rights, committed an error of law, abused its discretion, or made a necessary finding of fact that was not supported by substantial evidence. *Kujawa v. City of Williamsport,* 67 Pa. Common-

---

[4] Although this claim was included in Petryszak's appeal to the trial Court, there is a conflict between the litigants as to whether he actually raised the issue *in the proceedings before the Board.* However, given the content of the Board's findings and conclusions, we must say that the Board itself deemed the issue as having been raised.

wealth Ct. 38, 445 A.2d 1348 (1982). The instant case reveals no such defects; consequently, we must affirm the order here on appeal.

### ORDER

AND Now, this 27th day of June, 1984, the order of the Court of Common Pleas of Bucks County dated June 24, 1982, at No. 82-1085-05, is hereby affirmed.