## Donnon *v.* Downingtown Civil Service Commission.

Argued April 22, 1971, before Judges Crumlish, Jr., Kramer and Mencer, sitting as a panel of three.

*John B. Talierco,* with him *Agulnick & Talierco,* for appellant.

*Fred T. Cadmus, III,* with him *Cadmus, Good & Patten,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., October 28, 1971:

This appeal involves the reversal by the Court of Common Pleas of Chester County of a decision of the Civil Service Commission of the Borough of Downingtown which dismissed appellee, Edgar W. Donnon, a Borough police officer, for disobedience and conduct unbecoming an officer. The court below held that the actions of the Borough Solicitor, who assisted in preferring charges against appellee, by sitting as advisor to the Commission and presiding over the hearing, violated appellee's right of due process. While we agree with the court below that the solicitor's actions should command the Commission's reversal, we remand the case to the Commission for a rehearing.

In our governmental system, frequently one of its units or agencies functions as investigator, complainant, prosecutor and judge. Inevitably such a situation must give rise to the question of just how far that unit or agency can go in permitting any member of the agency, or member or group of its staff to become involved in conflicting phases of this procedure. This is the question now before us; and, as recognized by the court below, it is a very "delicate" question. "We say the ques-

tion is a delicate one because we realize that the inconvenience and expense incident to the employment of additional counsel each time a proceeding of this kind becomes necessary could well result in a reluctance on the part of boroughs to prosecute borough officers in cases where such prosecutions would be warranted, to the end that the public welfare would not be served. From the municipality's point of view the implications of an adverse ruling are far reaching. Such a conclusion might well be construed to require the employment of independent counsel for Zoning Hearing Boards and other like agencies in every case in which the municipality is a party, or in which it has an interest in the outcome. Practically speaking, the imposition of such a burden upon the public might tend to impede instead of further the public interest." However, we must also be mindful that the right to due process of law is a constitutionally guaranteed protection of personal freedom, designed to prevent unilateral usurpation by public interest.

Legion are the cases which hold that judicial tribunals "not only must be unbiased but also must avoid even the appearance of bias." *Commonwealth Coatings Corp. v. Continental Casualty Co.,* 393 U.S. 145, 150, 89 S. Ct. 337 (1968). See also, *In Re Murchison,* 349 U.S. 133, 75 S. Ct. 623 (1955) and cases cited therein. Until recently this strict admonition against potential unfairness had not been extended to quasi-judicial administrative tribunals. See *Pennsylvania Publications, Inc. v. Pennsylvania P.U.C.,* 152 Pa. Superior Ct. 279, 32 A. 2d 40 (1943), reversed on other grounds, 349 Pa. 184, 36 A. 2d 777 (1944). However, in *Gardner v. Repasky,* 434 Pa. 126, 252 A. 2d 704 (1969), the Supreme Court of Pennsylvania adopted *Commonwealth Coatings* in setting aside a decision of the Sayre Borough Civil Service Commission. In amplifying the applicability of the strict judicial standards of bias to administrative

tribunals, Justice COHEN said in *Gardner*: "We held in Schlesinger Appeal, 404 Pa. 584, 172 A. 2d 835 (1961), that where a prosecutor and judge were combined in one body, the accused was denied a fair hearing to which due process of law entitled him." 434 Pa. at 130. In deciding so, the Supreme Court has narrowed the latitude of permissibility heretofore accorded the Commonwealth's administrative tribunals.[1]

Administrative procedure requires courts to recognize the distinguishing characteristics which call for interpretation and control of administrative bias and judicial bias. Neither *Schlesinger* nor *Gardner* exclusively prohibit any member of an agency or municipality or any member or group of its staff from participating in conflicting phases of procedure. These cases simply hold that it is no longer necessary to find *actual evidence of bias* by an *administrative* tribunal to sustain a finding that there was a denial of due process of law.

To put it another way, this is a protective duty of the municipality or its agencies and we so hold in determining that the question before us is: Absent a showing of actual bias, did the municipality or its agency provide reasonable procedural safeguards to assure the protection of the respondent's right to a fair and unbiased adjudication? No hard and fast ground rules can be established to guide parties. Truly each factual situation calls for a separate determination first and hopefully finally at the administrative level, and lastly, by judicial decree.

In the instant case, Judge KURTZ, speaking for the court below, found as follows: "There is no showing

---

[1] The exercise of stricter control over administrative agencies evident in *Gardner* is in keeping with the growing concern of the Supreme Court as to the power exerted by these agencies. See *Smethport Area School District v. Bowers*, 440 Pa. 310, 314, 269 A. 2d 712, 715 (1970).

on the instant record that the Borough solicitor acted as a judge in the sense that he participated in the ultimate decision of the Commission. However, in a less restrictive sense, he did act in that capacity when he conducted the hearings for the Commission and therein ruled upon the admissibility of evidence and all other questions of a legal nature which were then presented. Whether he actually participated in the rendering of the ultimate decision is unimportant. At the time that decision was made he was in a position from which it was possible for him and his employer, the Borough, to have exerted influence upon it. . . . [In addition, the Borough] chose to employ outside counsel to represent its own interests while assigning its solicitor to the representation of the Commission. . . ."

We believe that the Borough should have assigned independent Commission counsel thus allowing the solicitor to proceed unfettered to pursue the civil prosecution on the basis of his investigation and complaint. The Borough in permitting the exercise of dual control over both the prosecutory and adjudicatory operations did not *reasonably safeguard* the appellee's right to a fair and unbiased adjudication. Due process was not afforded respondent in the hearing before the Downingtown Civil Service Commission. Accordingly, we affirm the order of the court below which set aside the Commission's decision.

We do not agree with the court below and argument of appellee that the appropriate judicial remedy is conclusive reversal. Appellee relies on *Gardner v. Repasky, supra,* where the court based its refusal to remand upon "the long delays and the looseness of the procedure." The case before us does not indicate such a blatant disregard of the total concept of due process as was found in *Gardner.* We hold that this case is similar to and controlled by a myriad of cases, heretofore decided, in which improper procedural methods

have dictated a contingent reversal of the agency's decision. Remand for a proper hearing regardless of the result, insures the integrity of administrative process. *Pennsylvania State Athletic Commission v. Bratton,* 177 Pa. Superior Ct. 598, 112 A. 2d 422 (1955); *Vivio Motor Vehicle Operators License Case,* 209 Pa. Superior Ct. 90, 224 A. 2d 777 (1966).

AND NOW, this 28th day of October, 1971, the order of the Court of Common Pleas of Chester County setting aside the removal of Edgar W. Donnon from the police force of the Borough of Downingtown is reversed; the said court is hereby ordered to remand the matter to the Civil Service Commission of the Borough of Downingtown for disposition not inconsistent with this opinion.