336 A.2d 266

**Ronald MALLON et al.**

**v.**

**TOWNSHIP OF UPPER MORELAND.**

**Appeal of Norman WORSTALL and Ernest Stroup.**

Supreme Court of Pennsylvania.

Argued Dec. 2, 1974.

Decided April 17, 1975.

242

Curtis Wright, Timoney, Knox, Avrigian & Hasson, Ambler, for appellants.

Gilbert P. High, Jr., High, Swartz, Roberts & Seidel, Norristown, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM:

The Court being equally divided, the order of the Commonwealth Court is affirmed.

ROBERTS, J., took no part in the consideration or decision of this case.

O'BRIEN, J., filed an opinion in support of reversal which was joined by JONES, C. J., and POMEROY, J.

MANDERINO, J., filed an opinion in support of affirmance which was joined by EAGEN and NIX, JJ.

## OPINION IN SUPPORT OF
## AFFIRMANCE

MANDERINO, Justice.

█ The Township Commissioners were not acting in a *judicial* capacity when discipline was imposed on the appellants. They were acting in their *executive* capacity. The situation is no different than one in which a single executive officer (governor, mayor, cabinet officer), suspends or fires an employee. The executive officer may be, and in many cases is, the only witness to the conduct which allegedly requires discipline. The situation should be no different simply because the executive authority in Upper Moreland Township is vested in a collective group rather than in a single individual. Under the reasoning of the opinion in support of reversal, an *executive* official could never suspend or fire anyone—even one who punched him personally in the mouth.

█ The employees in this case were entitled to judicial review *after* the *executive* suspension or firing. Such a judicial review was received, and the order of the Commonwealth Court should be affirmed.

EAGEN and NIX, JJ., join in this opinion.

## OPINION IN SUPPORT OF
## REVERSAL

O'BRIEN, Justice.

In my opinion, the decision against appellants should be reversed because they were denied due process of law

when Commissioner Curtis, who filed the charges against appellants, sat on the Board of Township Commissioners, who, in the first instance, found appellants guilty of the charges filed against them. In *Gardner v. Repasky*, 434 Pa. 126, 252 A.2d 704 (1969), we were presented with a situation similar to that of the instant case, and we held:

"Another independent ground for reversal is the position of conflict occupied by John Repasky. Repasky was a member of the Fire Board which originally complained about appellant and a member of the Civil Service Commission which heard appellant's appeal. (He cast the deciding vote for suspension in a 2–1 Commission decision.) Appellees claim that no bias in fact has been shown and that Repasky took no part in making the original complaint. This is not to the point. '. . . [A]ny tribunal permitted by law to try cases and controversies must not only be unbiased but must avoid even the appearance of bias.' *Commonwealth Coatings Corp. v. Continental Casualty*, 393 U. S. 145–50, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968)." 434 Pa. at page 129, 252 A.2d at page 705.

In the instant case, Commissioner Curtis brought the charges against appellants and participated on the seven-member board of commissioners which, by a four to three vote, affirmed the charges lodged against appellants by Commissioner Curtis. Under these facts, there can be no other conclusion than appellants were denied due process of law in the first instance. See also *Donnon v. Downingtown Civil Serv. Comm.*, 3 Pa.Cmwlth. 366, 283 A.2d 92 (1971).

JONES, C. J., and POMEROY, J., join in this opinion.