Ann M. Rayne, Appellant, *v.* Edgewood School District, Appellee.

Argued May 6, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Ronald N. Watzman,* with him *Watzman, Levenson & Snyder,* for appellant.

*Carl W. Brueck, Jr.,* with him *Brueck, Walker & Brueck,* for appellee.

OPINION BY JUDGE WILKINSON, May 29, 1975:

Appellee declined to tender a regular professional contract to appellant who had served for two years as a temporary professional employee. The only unsatisfactory rating she received was in her second year, and it was based on this unsatisfactory rating that appellee made its "adjudication" not to tender a regular professional contract. Pursuant to appellant's request and after some delay following her notification of the "adjudication," a hearing was held which afforded appellant a full opportunity, having had due notice of the unsatisfactory rating, to present testimony and cross-examine witnesses. A complete stenographic report was made of the hearing. Appellee filed with the transcript 23 findings of fact and concluded that the decision not to tender appellant a regular professional contract was proper.

On appeal to the Court of Common Pleas of Allegheny County under Section 7 of the Local Agency Law, Act of December 2, 1968, P. L. 1133, 53 P. S. §11307, appellant requested a de novo hearing. However, since a complete transcript was available, it was neither necessary nor appropriate for the lower court to hold a de novo hearing. Local Agency Law, Section 8(b), 53 P. S. §11308(b).

Our sister, Judge BLATT, speaking for the Court in a recent case on all fours with the instant case, set forth the law which supports the decision and able opinion of Judge POPOVICH of the court below dismissing the appeal and affirming the decision of appellee. *Acitelli v. Westmont Hilltop School District,* 15 Pa. Commonwealth Ct. 214, 325 A.2d 490 (1974). The decision and opinion in *Acitelli* dispose of appellant's argument that The Public School Code of 1949, Act of March 10, 1949, P. L. 30, *as amended,* 24 P.S. §1-101 et seq., was violated.

The principal argument of appellant seems to be that appellant's due process rights were violated because the hearing was conducted before a board which had conducted an investigation, prepared "charges," and had

made a preliminary determination of "guilt" prior to granting a hearing. Any doubt as to the constitutionality of such an administrative procedure has been laid to rest by the recent decision of the Supreme Court of the United States in *Withrow v. Larkin*, 93 S.Ct. 1456 (1975). In that case, Mr. Justice WHITE, speaking for a unanimous court, unheld the validity of a state statute that authorized a state examining board of physicians to investigate the conduct of practicing physicians, prepare charges, hold a hearing, assess guilt or innocence and, if guilty, assess penalties. That opinion clearly sets forth the precedents and considerations that required the result obtained in that case and which must obtain in this case.

*Withrow* acknowledges that under the facts in some cases there may be such a bias or appearance of bias that due process is violated. Such a case was *Donnon v. Downingtown Civil Service Commission*, 3 Pa. Commonwealth Ct. 366, 283 A.2d 92 (1971). We find no such facts in this case.

Finally, appellant argues that the record will not support the appellee's finding that the unsatisfactory rating was given properly. Our careful review of the record compels a contrary conclusion. The testimony of the school principal, the direct and cross examination covering 114 pages, and of the school superintendent, the direct and cross examination covering 42 pages, as to the manner in which they arrived at the unsatisfactory rating and their explanation to appellant, amply support their conclusion.

Affirmed.