Rowan P. Kelly, Jr., Appellant *v.* Warminster Township Board of Supervisors, Appellee.

Argued April 5, 1979, before Judges Blatt, Di-Salle and MacPhail, sitting as a panel of three.

*Ward F. Clark,* with him *Pratt, Clark, Gathright & Brett,* for appellant.

*Edward C. Connolly,* with him *Connolly, McAndrews, Kihm & Stevens,* for appellee.

Opinion by Judge Blatt, July 26, 1979:

Rowan P. Kelly (petitioner) appeals from an order of the Court of Common Pleas of Bucks County which upheld his dismissal as Chief of Police by the Warminister Township Board of Supervisors.

The petitioner was hired by the Township Supervisors in December of 1974 and was granted tenure by them in December of 1975. On September 27, 1976, he was dismissed by the Supervisors for alleged acts of

misconduct. He made a demand for written charges and for a hearing, and, after a series of hearing sessions resulting in approximately 750 pages of testimony, the Township Supervisors reaffirmed their earlier dismissal action.

Pursuant to the Police Tenure Act[1] (Act) the petitioner appealed to the court of common pleas, and the court concluded that it was within its sound discretion to determine whether or not the appeal was to be heard de novo. Based on its finding that the record below was full and complete, the court refused to take additional evidence and limited its review to a determination as to whether or not the findings of the Supervisors were suported by clear and convincing evidence. Its opinion included a thorough discussion of the issues raised by the parties and a review of the evidence supporting the findings made and then affirmed the Supervisors' action. This appeal followed.

The petitioner's central argument here is that the Police Tenure Act pursuant to which he was dismissed is unconstitutional because it provides for the commingling of the investigative, prosecutional and adjudicative functions in a single body, i.e., the Township Board of Supervisors. We have previously had several occasions to consider the extent to which the commingling of such functions is permissible. In *Donnon v. Downington Civil Service Commission*, 3 Pa. Commonwealth Ct. 366, 369, 283 A.2d 92, 94 (1971), we held that there is a protectional duty on the part of a municipality or agency and concluded that the proper inquiry is as follows: "Absent a showing of actual bias, did the municipality or its agency provide reasonable procedural safeguards to assure the protection of the respondent's right to a fair and unbiased adjudication?" In the instant case, Judge MIMS spoke for

---

[1] Act of June 15, 1951, P.L. 586, *as amended*, 53 P.S. §811 et seq.

the court below in finding that, although the "appellant contends that the charges were instituted, investigated, prosecuted and adjudicated by the Board of Supervisors [t]he evidence does not support that contention . . . [and] the Board retained independent counsel to advise it during the hearing and meticulously protected the appellant's procedural and substantive rights. There is no competent evidence that there was any bias or prejudice such as would deny the appellant a fair hearing." In *Barr v. Pine Township Board of Supervisors,* 20 Pa. Commonwealth Ct. 255, 341 A.2d 581 (1975) a suspended police officer challenged the constitutionality of the suspension procedures wherein the Supervisor who presided at the hearing had originally prepared (though not filed) the case for disposition. Judge CRUMLISH concluded for this Court that our previous decision in *Rayne v. Edgewood School District,* 19 Pa. Commonwealth Ct. 353, 339 A.2d 151 (1975), wherein we cited *Withrow v. Larkin,* 421 U.S. 35 (1975), permitted such a procedure as long as the person who *filed* the charges did not eventually *decide* the case. In the case presently before us, it is clear that the charges were made by the Township Manager who testified that he conducted the investigation on his own initiative. The court below found, and we believe its finding was based on substantial evidence, that the charges were then merely presented by the Township based upon information received from the Manager. This procedure falls squarely within the guidelines set forth in *Barr,* and we must therefore conclude that the petitioner's due process rights were not violated in this regard.

The petitioner further contends that the court below erred in not conducting a de novo hearing and by refusing to allow the introduction of additional evidence concerning bias on the part of the Supervisors.

Section 5 of the Police Tenure Act, 53 P.S. §815 provides for appeal to the Court of Common Pleas but it is silent as to the type of review required. The court below took the position that the determination as to whether or not judicial review should be do novo is a matter for the discretion of the court, and this position is well supported by our Supreme Court's decision in *Vega Appeal,* 383 Pa. 44, 117 A.2d 736 (1955) where it was held that the "Court of Common Pleas should have the . . . power . . . to determine the case 'as the court deems proper.' " Here the court concluded that the record before the Board was complete and that the absence of testimony by the petitioner therein was attributable solely to his own decision made with the assistance of able counsel and was insufficient to justify a further hearing. After a review of the record we are of the opinion that no abuse of discretion was committed, therefore, when the court refused to take additional evidence.

The petitioner raises the further argument that the Supervisors and the court below erred when they failed to order production of written statements obtained by the Township Manager in preparation for the appeal hearings. He contends that a criminal defendant's right to discovery of written statements should be equally applicable in a civil case. The petitioner has cited no authority for this proposition, however, and we believe that it is without merit.[2]

---

[2] The lower court also concluded that it was without authority to circumvent the restrictions of Pa. R.C.P. No. 4011 which provides:

No discovery or inspection shall be permitted which

. . .

(d) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial. . . .

The petitioner also argues that the evidence upon which the charges against him were sustained and the penalty of dismissal imposed was insufficient to warrant the action taken. The charges against him included but were not limited to the following: (1) taking improper liberties with female employees of the police department; (2) being intoxicated while on duty; (3) assaulting several persons; (4) assigning an animal enforcement officer to police his own residence from midnight to 2:00 A.M. to watch for dogs which had been tearing his trash bags; (5) promulgating a general but secret order regarding the reporting of the bail policy of a district justice; (6) engaging in boisterous conduct at a public meeting; (7) using profane and vulgar language in police headquarters; (8) violating provisions of the Collective Bargaining Agreement; and (9) violating other provisions of the Police Tenure Act and the Warminster Township Police Department Duty Manual. The opinion of the court below points out the overwhelming evidence presented to support these charges, and our review of the record leads us to the same conclusion.

Finally, the petitioner argues that the Police Tenure Act violates his right to equal protection under the law because borough policemen are afforded greater protection in suspension and firing cases under The Borough Code[3] than township policemen are afforded under the Police Tenure Act. The petitioner, however, failed to raise this question before the lower court and we have consistently held that matters not properly raised in or considered by the court below cannot be considered on appeal, even though such matters may involve constitutional questions. *Richland Township*

---

[3] Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. §45101 et seq.

*v. Hellerman,* 30 Pa. Commonwealth Ct. 438, 373 A.2d 1367 (1977).

The order of the lower court is affirmed.

ORDER

AND Now, this 26th day of July, 1979, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby affirmed.