Brenda Nuss, Administratrix of the Estate of Thomas Nuss, Deceased, Appellant *v.* Township of Falls, et al., Appellees.

Brenda Nuss, Administratrix of the Estate of Thomas Nuss, Deceased, Appellant *v.* Township of Falls, et al., Appellees.

98

Argued April 9, 1985, before Judges ROGERS, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*Martin J. King, Cordes, King & Associates,* for appellant.

*Richard R. Fink, Fink, Fink & Associates,* for appellees.

OPINION BY JUDGE ROGERS, May 3, 1985:

Brenda Nuss, the administratrix of the estate of former Falls Township police officer Thomas Nuss, has appealed from an order of the Court of Common Pleas of Bucks County upholding the action of the Falls Township Board of Supervisors dismissing Mr. Nuss from the Falls Township Police Department.[1]

On February 1, 1980, at four o'clock in the morning, officer Nuss and other township police officers pursued a stolen vehicle operated at high speed by a juvenile for ten minutes over eight miles of public highways. The chase ended when the juvenile lost control of the stolen car and it came to rest in the highway. Mr. Nuss left his vehicle and with his service revolver drawn approached the vehicle driven by the juvenile. When Mr. Nuss was a few feet from the other car, the juvenile emerged and stood facing Mr. Nuss with his hands raised. Mr. Nuss would later testify that the juvenile took a step forward as though to flee. The juvenile denied this. Mr. Nuss struck the juvenile above the left eye with his service revolver, and the juvenile was taken to a hospital and underwent two hours of surgery in the repair of damaged tissues around the eye.

Mr. Nuss called his superior officer advising him of the juvenile's capture, but, contrary to established departmental policy, failed to mention that the juvenile had been injured.[2] Later the same day, Mr. Nuss told a co-worker to fill out an arrest report and to mention in the report that the juvenile was injured while resisting arrest. Mr. Nuss, in turn, prepared his own written report in which he failed to mention

---

[1] Mr. Nuss died in an automobile accident on February 27, 1981.

[2] Section 370.45 of the Falls Township Manual of Rules for the Police Department.

striking the juvenile or to describe the juvenile's injuries.

The following day, the Falls Township Police Chief suspended Mr. Nuss, pending an investigation of a charge levied by the juvenile of police brutality. Mr. Nuss was formally charged with neglect or violation of his official duty and with conduct unbecoming an officer.

At the hearing conducted by the Falls Township Board of Supervisors, evidence of the incident was adduced to the effect that Mr. Nuss, who was 6' 2" and weighed 220 pounds, was standing in a position which would have made it impossible for the juvenile, who was 5' 4" tall and weighed 107 pounds, to run away. Mr. Nuss testified that at the time he struck the juvenile he "was pumped" with adrenalin, and that he didn't know whether he was striking "a girl or a little old man." Mr. Nuss also testified that neither he nor the juvenile said anything.

The juvenile testified that at the time of his capture he had no intention of fleeing or of resisting arrest.

On June 5, 1980, the Board of Supervisors, noting the absence of any evidence that the juvenile was resisting arrest, decided that Mr. Nuss had violated his official duty in striking the juvenile and by failing to inform his superior officer that he had struck the juvenile; and that in yielding to an instantaneous impulse he conducted himself in a manner unbecoming an officer. The Board of Supervisors suspended Mr. Nuss for six months without pay, demoted him from Sergeant to Patrolman, and conditioned his reinstatement upon his submitting a psychiatric examination showing that he was capable of serving as a police officer.

Dr. Paul J. Poinsard, the psychiatrist selected by the township to evaluate Mr. Nuss, reported to the supervisors that although Mr. Nuss had no definable psychiatric problems, he was "more vulnerable than the average person to outbreaks of anger in response to serious situations, particularly if the circumstances can be perceived as a threat to his self esteem."

On August 14, 1980, the Board of Supervisors, based upon Dr. Poinsard's report, issued the following resolution:

WHEREAS, Dr. Poinsard has given an unfavorable report as to Thomas Nuss; and . . .
WHEREAS, the unfavorable report from Dr. Poinsard has caused the Board of Supervisors to re-evaluate its decision of June 5, 1980;
NOW THEREFORE BE IT RESOLVED THAT Thomas Nuss be removed from the Falls Township police force, retroactively to February 1, 1980

The common pleas court affirmed and Mrs. Nuss has appealed. The principal question stated by Mrs. Nuss is that her husband's his constitutional right to due process and his statutory procedural rights were violated by the Board's action of dismissing him on the ground of his vulnerability to outbreaks of anger without affording him notice and hearing on this issue.

Section 2 of the Police Tenure Act of 1951, Act of June 15, 1951, P.L. 586, *as amended,* 53 P.S. §812, provides the removal procedures for a police officer employed by a township of the second class:

No person employed as regular full time police officer in any police department of any township of the second class, or any borough or township of the first class within the scope

of this act, with the exception of policemen appointed for a probationary period of one year or less, shall be suspended, removed or reduced in rank except for the following reasons: (1) physical or mental disability affecting his ability to continue in service, in which case the person shall receive an honorable discharge from service; (2) neglect or violation of any official duty; (3) violating of any law which provides such violation constitutes a misdemeanor or felony; (4) inefficiency, neglect, intemperance, disobedience of orders, or conduct unbecoming an officer; (5) intoxication while on duty. A person so employed shall not be removed for religious, racial or political reasons. A written statement of any charges made against any person so employed shall be furnished to such person within five days after the same are filed. (Footnotes omitted.)

Section 4 of the Act, 53 P.S. §814, provides for a public hearing of the charges filed against an officer at which time the appointing authority is required to uphold the charges. The same section requires a written record to be filed and preserved.

An administrative hearing to remove or to suspend a tenured police officer must comport with fundamental fairness guaranteed by the due process clause. A tenured officer, thus, has the right to be advised of the charges pending against him, *Danner v. Bristol Township Civil Service Commission,* 64 Pa. Commonwealth Ct. 470, 440 A.2d 702 (1982); has the right to a fair hearing on those charges, *Dayoub v. State Dental Council and Examining Board,* 70 Pa. Commonwealth Ct. 621, 453 A.2d 751 (1982); and must be afforded the opportunity to cross-examine adverse witnesses. *See e.g., Chobert v. Unemployment Com-*

*pensation Board of Review*, 86 Pa. Commonwealth Ct. 151, 484 A.2d 223 (1984).

The Board of Supervisors' hearing dealt exclusively with whether Mr. Nuss acted improperly in making the arrest of the juvenile. He was not advised at the time of the hearing that his vulnerability to outbreaks of anger was at issue and might be the basis for discipline; indeed he was never charged with this disability. There was no testimony adduced at the hearing on this point and no determination as to his disability for this cause to continue as a police officer. Dr. Poinsard's report bears a date after the Board's June 5, 1980 decision suspending and demoting Mr. Nuss based on violation of duty and unbecoming conduct.

Section 2 of the Police Tenure Act of 1951, 53 P.S. §812, names as the first ground for discipline, the officer's mental disability. The action of the Board of June 5, 1980 of suspending and demoting Mr. Nuss on charges of violation of duty and unbecoming conduct was based on the record of a duly conducted hearing. Its action of August 14, 1980 dismissing him apparently for vulnerability to outbreaks of anger, not having been preceded by charges or a hearing, was contrary to the statute and a denial of Mr. Nuss' due process rights.

The appellant raises other issues concerning his suspension and demotion: (1) that the trial court erred in limiting its review of the substance of charges to the record made by the Board of Supervisors; (2) that the court erred or abused its discretion because the facts do not support a conclusion of unreasonable, excessive force committed by Mr. Nuss; (3) that the trial court erred in considering Mr. Nuss' past disciplinary record; and (4) that the trial court erred in admitting into evidence the fact of the township's

settlement of a civil rights claim brought against it by the juvenile. As to the first three contentions, we approve the trial court's determinations adverse to the appellant for the reasons stated in the margin.[3]

The appellant contends that the trial court should not have admitted evidence of the fact that the township had settled the juvenile's civil rights claim against it for $10,000. This evidence was not introduced at the Board's hearing on which the case was decided and the trial judge expressly depreciated it. Mr. Nuss was clearly not harmed.

We affirm the trial court's order upholding the Board of Supervisors' June 5, 1980 order suspending Mr. Nuss for six months and demoting him for viola-

---

[3] The trial court held a de novo hearing on the procedural issues and limited its review of the substantive issues to the record made by the Board of Supervisors. The trial court acted properly, for it has the power to determine whether the review should be de novo or on the administrative record. *Kelly v. Warminster Township Board of Supervisors*, 44 Pa. Commonwealth Ct. 457, 404 A.2d 731 (1979). The appellant claims that the lower court received additional substantive evidence, and then improperly limited its review of the substantive issues to whether the township abused its discretion or committed an error of law. We find that the appellant's additional evidence was insignificant and that the court properly reviewed the Board's action on the merits of the case. *Shannon v. Civil Service Commission of Borough of Whitehall*, 4 Pa. Commonwealth Ct. 492, 287 A.2d 858 (1972).

We also find that the voluminous record made by the Board well documents an unreasonable and excessive use of force perpetrated by Mr. Nuss.

The appellant contends that the trial court erroneously admitted Mr. Nuss' disciplinary record. This record was admitted without objection. Not only was the right to advance this on appeal waived, there was no indication that the Board or the court considered his prior record in making the determination, so clearly otherwise stated, that Mr. Nuss had committed the infractions as charged. *Siler v. Harrisburg*, 54 Pa. Commonwealth Ct. 303, 422 A.2d 704 (1980).

tion of duty and unbecoming conduct. We reverse the court's order upholding the Board's August 14, 1980 order dismissing Mr. Nuss from the township's employ on account of the psychiatrist's finding of his vulnerability to outbreaks of anger; and we vacate the Board of Supervisors' order in this respect and direct the township to pay Mr. Nuss' estate his salary from a date six months after the suspension until his death on February 27, 1981, less such earnings he may have had from other employment during that time.

ORDER IN 894 C.D. 1983

AND Now, this 3rd day of May, 1985, we affirm the order of the Court of Common Pleas of Bucks County upholding the Falls Township Board of Supervisors' June 5, 1980 order suspending Mr. Nuss for six months and demoting him for violation of duty and unbecoming conduct; we reverse the order of the Court of Common Pleas of Bucks County upholding the Board's August 14, 1980 order dismissing Mr. Nuss from the township's employ; we vacate the Board of Supervisors' order in this respect and direct the township to pay Mr. Nuss' estate his salary from a date six months after the suspension until his death on February 27, 1981, less such earnings he may have had from other employment during that time.

ORDER IN 895 C.D. 1983

AND Now, this 3rd day of May, 1985, we affirm the order of the Court of Common Pleas of Bucks County upholding the Falls Township Board of Supervisors' June 5, 1980 order suspending Mr. Nuss for six months and demoting him for violation of duty and unbecoming conduct; we reverse the order of the Court of Common Pleas of Bucks County upholding the Board's August 14, 1980 order dismissing Mr.

106

Nuss from the township's employ; we vacate the Board of Supervisors' order in this respect and direct the township to pay Mr. Nuss' estate his salary from a date six months after the suspension until his death on February 27, 1981, less such earnings he may have had from other employment during that time.