Jerome Tieger and Berel Altman, t/a Creisheim Valley Associates, Appellants v. Philadelphia Fair Housing Commission and Morgan House Residents Association, Appellees.

Argued December 14, 1984, before Judges Mac-Phail, Colins and Palladino, sitting as a panel of three.

*Arthur W. Lefco, Mesirov, Gelman, Jaffe, Cramer & Jamieson,* for appellants.

*Barbara S. Gilbert,* Chief Assistant City Solicitor, with her, *Barbara W. Mather,* City Solicitor, and *Marguerite R. Goodman,* Divisional Deputy City Solicitor, for appellees.

Opinion by Judge Palladino, July 19, 1985:

Jerome Tieger and Berel Altman (Appellants) appeal from a decision of the Court of Common Pleas of Philadelphia County (trial court) which rescinded rent increases in Appellants' apartment house based on a violation of the Philadelphia Fire Code.

Appellants own and operate Morgan House, an apartment building located in Philadelphia. On February 17, 1977, several tenants of Morgan House filed a complaint with the Philadelphia Fair Housing Commission (Commission) alleging improper rent escalations, and improper eviction of one tenant. The notice for the hearing on this complaint was dated June 17, 1977, and listed the case as a rehearing. The notice included the names and apartment numbers of the complaining tenants, but did not list the specific charges alleged in the tenant complaint.

On June 16, 1977, the Philadelphia Department of Licenses and Inspections conducted an inspection of Morgan House unrelated to and independent of the tenant complaint, and discovered a fire code violation affecting sixty-eight (68) of the 238 units.[1] Appellants received notice of this violation on June 30, 1977.

A hearing on the tenant complaint was held on July 11, 1977, following which the Commission issued a decision requiring the two parties to "confer with each other to reach an agreement with respect to all complaints concerning the Morgan House." Over the next five months, counsel for Appellants negotiated with counsel for the tenants, without successfully resolving the matter. In December of 1977, Appellants' counsel contacted the Commission and requested that a hearing be scheduled on the tenant complaints.

During this period of negotiations, Appellants made several attempts to correct the fire code violation, but were not successful. Therefore, at the second Commission hearing on April 5, 1978, the Commission issued an order which: prohibited Appellants from increasing rents while the fire code violation remained uncorrected; and rescinded any rent increases retroactively to the date of the tenant complaint, *i.e.*, February 17, 1977.

---

[1] The fire alarm was not audible in 68 of the apartment units.

Appellants filed an appeal with the trial court in which they contended that the hearing notice sent to them by the Commission for the July 11, 1977 hearing was defective because it failed to set forth the basis for the complaint, *i.e.,* improper rent escalation and improper eviction. Appellants also contended that the Commission did not notify them that the fire code violation would be considered as part of the hearing on the tenant complaint.

Appellants further alleged that the Commission lacked jurisdiction to rescind rent increases back to February 17, 1977, the date of the tenant complaint, because the rescission was based on the fire code violation, for which Appellants were not notified until June 30, 1977.

The trial court held that: 1) the *de novo* hearing held before it made moot any possible defect in notice given by the Commission; and 2) from June 30, 1977, the date of notice of the fire code violation, to December 8, 1978, the date the violations were declared to be abated, Appellants were precluded from implementing any rent escalation provisions, with the exception of tax increase or utility pass through provisions. This appeal followed.

Before this Court, Appellants argue that the trial court's *de novo* hearing could not cure a defect in the Commission's notice; that the Commission failed to meet its burden of proving notice and other elements of its case; and that the order of the trial court was not appropriate under the circumstances. We initially note that when a common pleas court has held a *de novo* hearing pursuant to Section 754 of the Local Agency Law,[2] our scope of review is limited to determining whether Appellants' constitutional rights have been violated, whether the trial court manifestly

---

[2] 2 Pa. C. S. §754.

abused its discretion or committed an error of law. *Newland v. Newland,* 26 Pa. Commonwealth Ct. 519, 364 A.2d 988 (1976).

Where a hearing *de novo* has been granted, the trial court must act as a *nisi prius* court, weighing the evidence and making its own findings of fact and conclusions of law. *Board of Pensions and Retirement of the City of Philadelphia v. Einhorn,* 65 Pa. Commonwealth Ct. 144, 442 A.2d 21 (1982).[3]

There are two notice provisions which apply to the Commission's adjudication. Section 553 of the Local Agency Law[4] provides that no adjudication of a local agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard.

The Philadelphia Code sets forth the procedure the Commission must follow in setting a hearing. Section 9-105 states:

> (1) Upon any complaint made to the Commission or upon its own initiative, the Commission shall have the power to fix the date, time, and place when it shall conduct a hearing. Written notice of the date, time, and place of the hearing shall be sent, at least 10 days prior to the hearing, to the owner or agent of the premises regarding which it is charged that an unfair rental practice has been committed. The no-

---

[3] This *de novo* review does not, however, moot procedural defects which occurred before the local agency insofar as the defects are related to the local agency's ability to act, because certain procedural provisions must be complied with in order to supply the Commission with the power to act and fashion a remedy. Under Section 9-804 of the Philadelphia Code, a notice of a violation of the Philadelphia Code must be issued before the Commission may suspend rent increases. In this case, a notice of the fire code violation was issued eleven days before the first Commission hearing. Therefore, the Commission did have the ability to suspend rent increases.

[4] 2 Pa. C. S. §553.

tice shall set forth a brief statement of the facts upon which the complaint is based.

Appellants argue that the notice of hearing from the Commission for the July 11, 1977 hearing did not set forth the facts upon which the tenant complaint was based, nor did it mention that the fire code violation would be considered as part of the proceedings.

We find that Appellants' contention is true; the hearing notice for the July 11, 1977 hearing was inadequate in its description of the factual bases for the complaint. However, although notice for the July 11, 1977 hearing was partially defective, no action was taken at that hearing, pending negotiations. Because of the failure of the parties to settle their dispute in these negotiations, Appellants' counsel requested the second hearing. The Commission, therefore, sent a letter to both parties, scheduling the hearing "to try and resolve the differences between the landlord and tenant." While this letter did not particularize the subject matter of the April 5, 1978 hearing, the record clearly shows that both parties had worked out a detailed list of the disputed matters, as part of their negotiations. This list was clearly the subject of the second hearing, and it is absurd for Appellants to argue that they were unaware of the basis for this hearing when they themselves requested the hearing to settle the dispute.

We must conclude that any defect in notice for the July 11, 1977 hearing was cured by actual notice well before the April 5, 1978 hearing. We hold that the adjudication of the Commission on April 5, 1978 was procedurally valid as to the notice requirements of the Local Agency Law and the Philadelphia Code. Therefore, no defect existed to be made moot by the *de novo* trial court proceeding.

In its decision, the trial court stated that the Commission could not rescind rent increases based on the

fire code violation during a period when Appellants had not been notified of the violation, that is, prior to June 30, 1977. However, Appellants received written notice of the violation on June 30, 1977 based on the June 16, 1977 inspection. Therefore the Commission was empowered by Section 9-804 of the Philadelphia Code to suspend rent increases from June 30, 1977 until the violation was corrected.[5] The trial court found that there was a significant fire code violation in Morgan House of which Appellants were notified on June 30, 1977, which was not corrected until December 8, 1978. This finding is well supported by the record. Appellants' contention that the Commission failed to meet its burden of proof is, therefore, without merit. Pursuant to §9-804 of the Code, the trial court therefore properly rescinded all rent increases for that period with the exception of the utility and tax increase pass through provisions of the tenants' leases.

Appellants also challenge the trial court's order as not appropriate under the circumstances. Section 9-805 authorizes the Commission, upon a finding that an unfair rental practice has been committed, to issue an order appropriate under the circumstances. What constitutes an appropriate order under the circumstances is a matter of discretion. Appellants' position is that it was an abuse of the trial court's

---

[5] Section 9-804 states:

Unfair Rental Practices.

(1) Whenever any premises are found in violation of any provision of The Philadelphia Code and a notice of violation has been issued by any department or agency of the city, it shall be unlawful for any owner, landlord, agent or other person operating or managing such premises to: . . . (c) make, alter, amend or modify any term or condition of any existing lease or arrangement of tenancy with any person in possession of the premises at the time notice of violation is issued until the violation has been corrected.

discretion to rescind rent increases for all 238 apartments when the violation only concerned 68 apartments. We disagree. Section 9-804(i)(c) of the Philadelphia Code prohibits the alteration or modification of "any term or condition of any existing lease or arrangement of tenancy with *any* person in possession of the premises at the time the notice of violation is issued until the violation has been corrected." (Emphasis added.) The trial court's order is quite reasonable in light of the language in this section, and therefore does not constitute an abuse of discretion.

Accordingly, having found no violation of constitutional rights, abuse of discretion or error of law, we affirm.

### ORDER

AND Now, July 19, 1985, the decision of the Court of Common Pleas of Philadelphia County at No. 3624, April Term, 1978, is hereby affirmed.

Judge WILLIAMS, JR. did not participate in the decision in this case.