Township of Aston, Appellant *v.* David Morey, Appellee.

·Argued June 4, 1985, before Judges ROGERS,. BARRY and PALLADINO, sitting as a panel of three.

*Marc Lamer,* for appellant.

*S. Stanton Miller, Jr., Dunn and Miller,* for appellee.

OPINION BY JUDGE BARRY, January 16, 1986:

The Township of Aston (Township) appeals an order of the Court of Common Pleas of Delaware County which reversed a decision of the Aston Township Civil Service Commission (Commission) suspending appellee, Detective David Morey.

According to the Commission's findings, a disagreement arose between Detective Morey and James McCarthy, Chief of Police of Aston Township, over the disposition of a criminal case. Between April 5, 1983 and April 20, 1983, Chief McCarthy and Detective Morey exchanged numerous memos and discussed the case on several occasions. On April 20, 1983, Chief McCarthy approached Detective Morey in his office

and told him to "Knock off this stupid letter-writing campaign, or there's going to be smoke." (N.T., pp. 19-20, September 28, 1983). The argument became heated and, realizing that Detective Morey was upset, Chief McCarthy requested that he return that evening to further discuss the matter. At the meeting, Chief McCarthy expressed concern over a developing communications problem between the two men. He directed Detective Morey to get a pencil and paper and to take notes in order to assure a mutual understanding of the meeting. Detective Morey refused this order. When the discussion became more intense, Detective Morey removed his I.D. case and badge as well as his service revolver, placed them on the table in front of him, and dared Chief McCarthy to suspend him. Chief McCarthy instructed Detective Morey numerous times to sit down but Detective Morey did not. At one point during the argument Detective Morey apparently told Chief McCarthy that "I've had your shit up to here." (N.T., p. 124, September 28, 1983). Chief McCarthy ended the argument when he told Detective Morey to go home for the evening and report back to work the next morning at 9:00 a.m. Detective Morey complied and left the meeting.

The next morning the two men met in Chief McCarthy's office to discuss the incident. Detective Morey received a letter of reprimand which detailed the incident and set forth violations of the Aston Township Police Department Disciplinary Code and the Aston Township Police Civil Service Rules and Regulations. The letter of reprimand became part of Detective Morey's personnel file.

Thereafter, the Commission refused a request by Detective Morey for a hearing regarding the letter of reprimand. As a result, Detective Morey filed a Complaint in Mandamus seeking to compel the Commission to grant him a hearing. On September 13, 1983, the

trial court concluded that, because Detective Morey was sent home early on the evening of April 20, 1983, he had, in fact, been suspended for a few hours and he was, therefore, entitled to a hearing before the Commission.

On September 28, 1983, the Commission held a hearing and sustained the charges against Detective Morey thereby upholding his suspension. On appeal, the trial court reversed the decision of the Commission on the grounds of inadequate notice and insufficient evidence.

Under Section 754(b) of the Local Agency Law, 2 Pa. C. S. 754(b), where a full and complete record of the proceedings has been made before the Commission, the common pleas court must affirm the adjudication unless it finds that the adjudication is in violation of constitutional rights or not in accordance with the law or that any finding of fact made by the Commission and necessary to support its adjudication is not supported by substantial evidence. The same restrictions are applicable to this Court. *Richter v. Philadelphia Civil Service Commission*, 35 Pa. Commonwealth Ct. 310, 387 A.2d 131 (1978).

Section 644 of the First Class Township Code (Code), Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. §55644, requires that a written statement of the charges be provided to the police officer within five days after charges are filed with the Commission. In a letter dated September 13, 1983, Chief McCarthy issued a statement of charges to Detective Morey which enumerated his alleged violations of the Aston Township Police Department Disciplinary Code and the Aston Township Police Civil Service Rules and Regulations. The statement referred to the trial court order of September 13, 1983, as well as the date and approximate time of the incident which gave rise to the charges. Notice under Section 644 of the Code

must be sufficient to fully advise the officer of the charges against him, as well as the time when his conduct was in question. *Township of Upper Moreland v. Mallon,* 9 Pa. Commonwealth Ct. 618, 309 A.2d 273 (1973), *aff'd,* 461 Pa. 241, 336 A.2d 266 (1975). We find that the statement of charges received by Detective Morey provided him adequate notice.

We also find that the trial court erred when it concluded that the evidence presented was insufficient to warrant the suspension of Detective Morey. Section 644 of the Code authorizes the suspension of a police officer for, *inter alia,* "disobedience of orders." The Commission's findings as supported by the testimony of Chief McCarthy, indicate that Detective Morey clearly refused to take notes during a meeting. We conclude that his failure to obey a lawful and proper order justly resulted in a suspension which lasted from approximately 6:00 p.m. on April 20, 1983 until 9:00 a.m. on April 21, 1983.

Based on the foregoing, we reverse the trial court's decision and we reinstate the suspension imposed by the Township and affirmed by the Commission.

ORDER

Now, January 16, 1986, the order of the Court of Common Pleas of Delaware County, entered April 18, 1984, at No. 83-1635, is reversed. The Suspension Order of the Aston Township Civil Service Commission, dated December 11, 1983, is reinstated.