544 A.2d 1070

In Re: Appeal of Disciplinary Action by Lawrence Township Board of Supervisors Against Ronald C. Smith, Lawrence Township Police Department. Lawrence Township, Appellant.

Argued April 21, 1988, before Judges DOYLE, BARRY and McGINLEY, sitting as a panel of three.

*J. Richard Mattern, II,* for appellant.

*R. Denning Gearhart, Gearhart* & *Ireland,* for appellee, Ronald C. Smith.

OPINION BY JUDGE DOYLE, July 11, 1988:

The Lawrence Township Board of Supervisors (Township) appeals two orders of the Court of Common Pleas of Clearfield County. The Township challenges the trial court's interlocutory order of June 1, 1987, granting a *de novo* hearing in the instant controversy, and the court's final order of July 14, 1987 vacating the decision of the Township suspending Corporal Ronald C. Smith for two weeks without pay from the Lawrence Township police force and permanently demoting him to patrolman for conduct unbecoming a police officer. We affirm both orders.

On February 26, 1987, the Township held a public hearing to adjudicate disciplinary charges filed against Corporal Smith. As a result of the hearing, the Township suspended Corporal Smith without pay for two

weeks and demoted him to the rank of "patrolman." In response, Corporal Smith filed a petition for dismissal of complaint and reinstatement with the trial court requesting a *de novo* hearing on the disciplinary charges. The trial court granted the petition by order dated March 6, 1987.

Thereafter, on April 14, 1987, the Township filed a rule to show cause why the order of March 6, 1987 should not be stricken. The trial court heard oral argument on the rule on May 19, 1987. At the hearing, the trial court requested that a copy of the record below be submitted for its consideration, and a copy was subsequently submitted. Upon its review of the record, the trial court filed an order on June 1, 1987 calling for a *de novo* hearing to be held on June 4, 1987.

However, the trial court continued the *de novo* hearing until July 10, 1987 upon the Township's request for an extension of time. Prior to the *de novo* hearing, counsel for both parties entered into a stipulation concerning how certain evidence would be presented at the hearing. Counsel for Corporal Smith, R. Derring Gearhart, confirmed the agreement in writing by letter to J. Richard Mattern, counsel for the Township, dated July 9, 1987. Moreover, Mr. Mattern reiterated the terms of the stipulation on the record at the July 10, 1987 hearing. As Mr. Mattern stated:

> Your Honor pursuant to your order of June 1, 1987, ordering a hearing de novo in this matter, counsel Gearhart and myself in an effort to keep the matter short . . . entered into a stipulation whereby we would offer the transcript of the witnesses and testimony along and together with the complaint, and various exhibits, on condition that the Lawrence Township make available today for cross examination Mrs. Don Beck, Chief Donald Cutler and Michael Beck.

(R.R. at 164a) Mr. Mattern, after explaining the terms of the stipulation, then stated:

> Chief Cutler is here, Mrs. Beck is here, but prior to this hearing, she indicated she refused to bring her son, Michael Beck, to Court today and therefore, we cannot proceed pursuant to the stipulation.

As a result of the Township's failure to present any evidence justifying the disciplinary action taken against Corporal Smith, the trial court sustained Corporal Smith's appeal from the bench. The trial court then heard the testimony of Corporal Smith on the issue of lost wages. By its order of July 14, 1987, the trial court ordered Corporal Smith to be reinstated to the rank of "Corporal" and to be awarded back pay in the amount of $1,006.14. This appeal followed.

The first question presented for our consideration, therefore, is whether the trial court erred in granting Corporal Smith a de novo hearing. As this Court observed in *Appeal of Redo*, 42 Pa. Commonwealth Ct. 468, 401 A.2d 394 (1979), our scope of review over a lower court's decision to take additional evidence in an appeal taken pursuant to what is commonly referred to as the Police Tenure Act[1] is whether the court was guilty of an abuse of discretion or an error of law. As the following discussion will show, we conclude that the trial court's decision to conduct a *de novo hearing* was proper.

In *Kelly v. Warminster Township Board of Supervisors*, 44 Pa. Commonwealth Ct. 457, 404 A.2d 731 (1979), a suspended police officer challenged a lower court's ruling denying him a de novo hearing. This court in *Kelly*, affirmed the lower court's ruling against taking

---

[1] Act of June 15, 1951, P.L. 586, as amended, 53 P.S. §§811-816.

additional evidence and set forth the scope of review a trial court will exercise in making such a determination as follows:

> Section 5 of the Police Tenure Act, 53 P.S. §815 provides for appeal to the Court of Common Pleas but it is silent as to the type of review required. The court below took the position that the determination as to whether or not judicial review should be de novo is a matter for the discretion of the court, and this position is well supported by our Supreme Court's decision in Vega Appeal, 383 Pa. 44, 117 A.2d 736 (1955) where it was held that the 'Court of Common Pleas should have the . . . power . . . to determine the case "as the court deems proper." '

*Id.* at 461, 404 A.2d at 733. *See also Nuss v. Township Falls,* 89 Pa. Commonwealth Ct. 97, 491 A.2d 971 (1985).

In the case at bar, the trial court heard oral argument on the question of whether to grant a *de novo* hearing and it also reviewed the record and exhibits from the hearing below. In its order of June 1, 1987, the trial court gave two reasons for granting *de novo* review. First, the trial court determined that Corporal Smith should be given the opportunity to submit after-discovered evidence. Second, the trial court determined that Corporal Smith should be afforded the opportunity to present evidence of bias on the part of the complaining witness which he was precluded from eliciting at the hearing before the Township Board of Supervisors.

To evaluate whether the trial court abused its discretion or committed an error of law in reaching each of these alternative grounds, we must first direct our attention to Section 754 of the Local Agency Law (Law), 2 Pa. C. S. §754, which sets forth the important distinction between review of a "complete" record versus re-

view of an "incomplete" record. As Section 754 of the Law states:

(a) **Incomplete record.**—In the event a full and complete record of the proceedings before the local agency was not made, the court may hear the appeal de novo, or may remand the proceedings to the agency for the purpose of making a full and complete record or for further disposition in accordance with the order of the court.

(b) **Complete record.**—In the event a full and complete record of the proceedings before the local agency was made, the court shall hear the appeal without a jury on the record certified by the agency. After hearing the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of Subchapter B of Chapter 5 (relating to practice and procedure of local agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. If the adjudication is not affirmed, the court may enter any order authorized by 42 Pa. C. S. §706 (relating to disposition of appeals).

Our inquiry, therefore, must center upon whether the trial court correctly decided that the record before it was "incomplete." The instant analysis will be guided by our decision in *Lower Providence Township v. Nagle*, 79 Pa. Commonwealth Ct. 322, 469 A.2d 338 (1984). The lower court in *Lower Providence Township* granted a suspended police officer a *de novo* hearing reasoning that since the board below failed to address the ques-

tion of bias, the record was incomplete under Section 754(a). We reversed the lower court explaining:

> It is apparent, however, that the Board did not address the issue of bias because *that issue was not raised before it,* and since a full and complete transcript of the proceedings before the Board *on the issues that were properly raised there,* was forwarded to the Court, we must conclude that the court improperly heard the appeal de novo. (Emphasis added.)

In contrast, in the matter before us, the trial court specifically found that:

> Appellant's cross examination of Mrs. Beck at the hearing before the Board of Supervisors was improperly limited. An issue was raised before the Lawrence Township Board of Supervisors regarding Mrs. Beck's bias or interest in the case. The Board did not address this issue or permit Appellant to develop testimony regarding the issue.

Opinion of Trial Court, at 5. Accordingly, we hold that since the issue of bias of the complaining party was raised below, and since the trial court found that Corporal Smith's opportunity to cross-examine the witness was "improperly limited," the trial court correctly exercised its discretion to determine that a *de novo* appeal was warranted.

We conclude, however, that the trial court's assertion that after-discovered evidence constituted a second basis for finding the record "incomplete" was incorrect. As we explained in *Lower Providence Township,* a party who learns of after discovered evidence has only two options, "he may establish a record on this question by petitioning for reconsideration, or, if such petitions are not authorized, by filing a cause of action addressed to the court of common pleas' original jurisdiction." *Id.* at

330, 469 A.2d at 342-43. Therefore, as the trial court itself stated in its final memorandum "after discovered evidence in and of itself would not be sufficient to grant a hearing de novo." Because we have found that the trial court correctly exercised its discretion regarding the issue of bias, the incorrect alternative ground stated in its order of June 1, 1987 is harmless error.

Having ruled that the trial court correctly granted the *de novo* appeal, we now reach the question of whether the trial court properly granted to Corporal Smith the relief he sought by its order of July 14, 1987. Our scope of review, where a common pleas court has held a *de novo* hearing pursuant to Section 754 of the Local Agency Law, is limited to determining whether constitutional rights have been violated, whether the trial court manifestly abused its discretion or committed an error of law. *Tieger v. Philadelphia Fair Housing Commission,* 90 Pa. Commonwealth Ct. 470, 496 A.2d 76 (1985) (citing *Newland v. Newland,* 26 Pa. Commonwealth Ct. 519, 364 A.2d 988 (1976)).

The Township contends that the lower court erred in sustaining Corporal Smith's appeal without reviewing the case on the merits. However, every case cited by the Township to support this proposition involves a review by the lower court of a *complete record. See, i.e., Kujawa v. City of Williamsport,* 67 Pa. Commonwealth Ct. 38, 445 A.2d 1348 (1982); *Civil Service Commission of the City of Philadelphia v. Farrell,* 99 Pa. Commonwealth Ct. 631, 513 A.2d 1123 (1986). We cannot emphasize enough the critical distinction between *de novo* review and review of a complete record. This is because when the lower court hears an appeal from a governmental agency *de novo,* the burden is upon the *governmental body* "to prove all of the elements, both procedural and substantive, necessary to support its adjudication." *Allegheny County Health Department v. Ligans,* 16 Pa. Commonwealth Ct. 74, 329 A.2d 878 (1974).

Upon our review of the transcript of the *de novo* hearing, we find that the trial court did not manifestly abuse its discretion. Clearly, the Township had the burden of going forward with the evidence since it was the party with the burden of proof. In fact, the Township's counsel admitted in open court that the Township had bound itself to present evidence by entering into a stipulation with Corporal Smith; and, yet, the Township now argues before this Court that it was "free to do nothing" before the court of common pleas and it still was entitled to an affirmance. We strongly disagree.

In support of its contention, the Township relies upon our decision in *Farrell*. In *Farrell* a police detective appealed a decision by the Civil Service Commission (Commission) to dismiss him. The lower court remanded the matter back to the Commission to receive additional evidence, and the Commission, after conducting the remand hearing, sustained the dismissal. The detective again appealed to the lower court which now had before it a complete record. The detective filed a brief, and the lower court issued an order for the Commission to file a response brief. The Commission failed to file in a timely manner its brief, and the lower court entered a judgment against it solely for the late filing. This Court reversed stating:

> Before the common pleas court, Farrell, as the moving party, had an affirmative duty to prosecute the appeal. Even a total failure by the commission to file a brief, or to appear for argument, or otherwise to counter Farrell's burden, would not have eliminated that affirmative duty.

*Id.* at 633, 513 A.2d at 1125. The Township argues strenuously that under *Farrell* it had no affirmative duty to do anything at the July 10, 1987 hearing. We hold, however, that because this was a *de novo* appeal and the Township had the burden of proof, it had an affirmative duty to go forward with the evidence.

Moreover, it is arguable that the Township *waived* its right to appellate review of the propriety of the *de novo* hearing by failing to make any objections on the record at the *de novo* hearing itself and by admitting on the record that it had entered into a stipulation with the opposing party thereby binding itself to go forward with the evidence. Not even the transcript of the hearing before the Board of Supervisors was offered by the Township.

In light of the foregoing, we hereby affirm the interlocutory order of June 1, 1987 and the final order of July 14, 1987.

### ORDER

Now, July 11, 1988, we affirm the interlocutory order of the Court of Common Pleas of Clearfield County dated June 1, 1987, and the final order of the Court of Common Pleas of Clearfield County dated July 14, 1987.