J-A17016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARSHALL SQUARE REALTY CO. LP | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES A. GORDON | : | |
| | : | |
| Appellant | : | No. 2691 EDA 2019 |
| | : | |
| --------------------------------------- | : | |
| JAMES A. GORDON | : | |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARSHALL SQUARE REALTY CO. LP | : | |
| SBG MANAGEMENT SERVICES INC. | : | |
| AND PHILLIP PULLEY | : | |
| | : | |

Appeal from the Order Entered August 12, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 190402489

BEFORE:  BOWES, J., KING, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:          **FILED DECEMBER 21, 2020**

James A. Gordon appeals, *pro se*, from the judgment entered on the trial court verdict of $1,573.00 in favor of his landlord, Marshall Square Realty Co. LP ("Marshall Square.") We affirm.[1]

On July 19, 2010, Appellant executed a residential lease agreement with the property owner, Marshall Square, for an apartment located at 845 North 7th Street, Unit D-6, Philadelphia, Pennsylvania. Marshall Square contracted with SBG Management Services Inc. ("SBG") to manage the property.[2]

In 2017, Appellant filed a housing complaint with the Philadelphia Fair Housing Commission ("PFHC") alleging, *inter alia*, that Marshall Square ignored needed repairs in the building, engaged in unfair rental practices, and retaliated against him for reporting the inhabitable conditions. Our Commonwealth Court has recognized the PFHC as a governmental agency that is governed by Pennsylvania agency law.[3] **See Tieger v. Philadelphia Fair Housing Commission**, 496 A.2d 76, 78-79 (Pa. Cmwlth. 1985). The ensuing

---

[1] On November 6, 2020, Appellant filed in the trial court a *praecipe* for entry of judgment. Pursuant to Pa.R.A.P. 905(a)(5), we treat the notice of appeal as having been filed on that date.

[2] As explained in the body of this memorandum, Appellant filed a counterclaim against Marshall Square in the court of common pleas and joined as additional defendants the property manager, SBG Management Services Inc., and its owner, Phillip Pulley.

[3] We note that "This Court is not bound by decisions of the Commonwealth Court. However, such decisions provide persuasive authority, and we may turn to our colleagues on the Commonwealth Court for guidance when appropriate." **Petow v. Warehime**, 996 A.2d 1083, 1088 n. 1 (Pa.Super.2010) (citations omitted).

proceedings revealed that Marshall Square had failed to maintain an active rental license since 2015.

On June 19, 2018, the PFHC issued a final order that awarded Appellant the portion of the subsidized rents that he paid into an escrow account administered by TD Bank, directed the parties to comply with the terms and conditions of the lease, prohibited either party from engaging in harassment or retaliation, and granted Appellant the right to withhold future rental payments until Marshall Square acquired the necessary rental license, which it ultimately obtained on February 6, 2019. Neither party appealed the final order to the Philadelphia Court of Common Pleas pursuant to 2 Pa.C.S. § 752 ("Any person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals.") and 42 Pa.C.S. § 933(a)(2) (concerning jurisdiction over appeals from local administrative agencies).

Although Marshall Square cured the licensing defect in February 2019, Appellant continued to withhold the monthly rental payments. On March 9, 2019, Marshall Square filed an eviction action in the municipal court seeking possession of the apartment based upon nonpayment of rent, and the municipal court ultimately awarded it judgment in the amount of $535.00 and possession. Appellant filed a *de novo* appeal in the Philadelphia Court of Common Pleas and secured a *supersedeas* to stay action on the judgment for possession by opening an escrow account administered by the office of judicial

records. In addition, he filed a *praecipe* to join SBG and Mr. Pulley as additional defendants in the court of common pleas.

On June 25, 2019, Marshall Square filed a complaint seeking a money judgment and possession of the unit based upon non-payment of rent and breach of the residential lease. It requested payment for Appellant's portion of the rent owed for February, March, May, and June 2019, and ongoing rents commencing July 2019 while Appellant continued to occupy the unit.[4] Appellant filed an answer and new matter with counterclaims against Marshall Square and cross-claims against Mr. Pulley and SBG.[5] Specifically, Appellant asserted counts sounding in breach of contract, unjust enrichment, and retaliation, seeking recompense for an assortment of damages that he alleged either accrued between March 2015 and September 2017, or stemmed from a September 2018 dispute concerning Appellant's entitlement to access a parking space on Marshall Square's property.

During the ensuing bench trial on August 12, 2019, Marshall Square presented evidence concerning Appellant's non-payment of rent following the reinstatement of the rental license in February 2019. While the trial court permitted Appellant to outline his counterclaim and cross-claims against

---

[4] Apparently, Appellant paid the April 2019 rent directly to Marshall Square in conjunction with the municipal court proceeding.

[5] Appellant leveled all of the assertions against Marshall Square and the additional defendants under the collective heading counterclaim and cross-claim.

Marshall Square and the additional defendants, it rejected Appellant's attempt to adduce evidence to support his claims, concluding that those matters either predated Appellant's failure to pay rent to Marshall Square after February 2019 or fell within the PFHC's prior review. *See* N.T., 2/12/19, at 26-27. The court explained, "I'm merely looking at your tenancy from February 6th, 2019, to present. Anything that predated that . . . you have had an opportunity to address those concerns in another jurisdiction, the Fair Housing Commission." *Id*. at 27.

At the conclusion of the hearing, the trial court entered a verdict in favor of Marshall Square in the amount of $1,573, which accounted for Appellant's payment of $1,088 into the escrow account and the outstanding balance of $485 for the prorated portion of the rent for February 2019 ($213) and August 2019. The court directed that the Office of Judicial Records release the escrowed money directly to Marshall Square, which could proceed with an eviction action if Appellant failed to pay the remaining $485 owed under the lease. In relation to Appellant's claims, the trial court reiterated from the bench that it lacked jurisdiction to revisit them because they pertained to allegations that were addressed by the PFHC in its final order. *See* N.T., 8/12/19, at 28 ("[A]s to the new matter, any cross[-]claims[, and] counter claims, the Court is going to disregard them because the Court firmly believes that all those matters were addressed in a prior forum, the Fair Housing Commission.").

This appeal followed the denial of Appellant's post-trial motion. Both Appellant and the trial court satisfied their obligations pursuant to Pa.R.A.P. 1925. Although Appellant's Rule 1925(b) statement asserted seventeen claims relating to the court's denial of his counterclaims and cross-claims against Marshall Square, SBG and Pulley, he consolidated those issues as follows:

> [1.] . . . Does Pennsylvania . . . allow that any party may set forth in the answer or reply under the heading "counterclaim" and/or "cross–claim" a cause of action cognizable in a civil action which the defendant has against the plaintiff at the time of filing the answer?
>
> [2.] . . . Whether Philadelphia, Pennsylvania has jurisdiction over all individual disputes that occurred within Philadelphia County.

Appellant's brief at 4 (superfluous capitalization omitted).

This Court reviews a non-jury verdict "to assess whether the findings of facts by the trial court are supported by the record and whether the trial court erred in applying the law." *Century Indem. Co. v. OneBeacon Ins. Co.*, 173 A.3d 784, 802 (Pa.Super. 2017). We "consider the evidence in the light most favorable to the verdict winner and [will] reverse the trial court only where the findings are not supported by the evidence of record or are based on an error of law." *Id*. Our review of questions of law is plenary. *Id*.

The issue that Appellant frames in the statement of questions presented challenges what he believes to be the trial court's disregard of Appellant's counterclaim against Marshall Square pursuant to Pa.R.C.P. 1031 and the cross-claims against the additional defendants that he pled in accordance with

- 6 -

Pa.R.C.P. 1031.1. However, Appellant neglects to develop this contention in the argument section of his brief by invoking the foregoing rules of civil procedure that authorize these pleadings, or citing the pertinent rules of procedure that govern his right to join the additional defendants (Pa.R.C.P. 2252(a)(2)) and assert cross-claims and counterclaims against them and Marshall Square.

Instead, Appellant simply argues the merits of the underlying claims of breach of contract, retaliation, and unjust enrichment. Indeed, Appellant's brief essentially reiterates the factual averments that he asserted in his pleadings.[6] Appellant neglected to cite relevant legal authority that either implicates the trial court's decision regarding its lack of jurisdiction over those claims, or supports his principal contention that the trial court erred in refusing to acknowledge his counterclaim and cross-claim. Accordingly, those arguments are waived.[7] *See Kelly v. Carman Corp.*, 229 A.3d 634, 656 (Pa.Super. 2020) ("The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and

_____

[6] Although Appellant's brief includes a claim for intentional infliction of emotional distress, he did not raise this cause of action in his pleadings before the trial court.

[7] While Appellees argue that waiver applies because Appellant failed to request the trial transcript, the certified record belies that assertion. Appellant requested the trial transcript, but the court reporter transmitted a mislabeled transcript in its place. On November 17, 2020, the trial court supplemented the certified record with the correct transcript, which we reviewed prior to drafting this memorandum.

citation of pertinent authorities; this Court will not consider the merits of an argument which fails to cite relevant case or statutory authority.") (quoting **Lackner v. Glosser**, 892 A.2d 21, 29-30 (Pa.Super. 2006)) (cleaned up).

Appellant's *pro se* status does not alter our determination. While this Court liberally construes the filings of a *pro se* litigant, he nonetheless must comply with the Rules of Appellate Procedure. **See, e.g.**, **Commonwealth v. Freeland**, 106 A.3d 768, 776 (Pa.Super. 2014). "Any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." **Commonwealth v. Gray**, 608 A.2d 534, 550 (Pa.Super. 1992) (cleaned up).

Furthermore, even if Appellant had provided sufficient legal argument regarding the trial court's ruling, we observe that all but one of Appellant's collective claims against Marshall Square, SBG, and Phillip Pulley related to disputes that were previously addressed by the PFHC and decided in the final order entered on May 23, 2018, which Appellant neglected to appeal. Thus, any issues relating to alleged unfair rental practices, retaliation, breach of contract, or unjust enrichment seeking recompense for the rent paid to Marshall Square between March 2015 and September 2017, have been finally resolved.

Moreover, as it relates to the parking violations and towing expenses stemming from Appellant's September 2018 parking dispute with Marshall

Square, Appellant is not permitted to employ a cross-claim to seek damages against additional defendants SBG and Mr. Pulley. Regarding cross-claims, the Pennsylvania Rules of Civil Procedure provide,

> Any party may set forth in the answer or reply under the heading "Cross-claim" a cause of action against any other party to the action that the other party may be
>
>> (1) solely liable on the underlying cause of action or
>>
>>> *Note:* The term "underlying cause of action" refers to the cause of action set forth in the plaintiff's complaint or the defendant's counterclaim.
>>
>> (2) liable to or with the cross-claimant on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the underlying cause of action is based.

Pa.R.C.P. 1031.1 (note to subparagraph (2) omitted). Hence, because Appellant neither asserts that the additional defendants are solely liable on the underlying cause of action, *i.e.*, the non-payment of rent, or liable to him under the terms of the residential lease agreement, his putative cause of action for retaliation against the additional defendants cannot be asserted in a cross-claim.

Finally, we note that the retaliation claim against Marshall Square would also fail. While Pa.R.C.P. 1031(a) permits Appellant to raise in a counterclaim against Marshall Square "any cause of action cognizable in a civil action which [he] has against [Marshall Square] at the time of the filing of the answer," Appellant's attempt to devise a cause of action for retaliation in this landlord-tenant dispute is incomprehensible. ***See*** Answer with New Matter,

Counterclaim, and Cross-claim, 6/25/19. Stated plainly, there is no common law cause of action for retaliation under the circumstances of this case, and Appellant does not allege a violation of the Landlord Tenant Act or Unfair Trade Practices and Consumer Protection Law, or assert retaliation by a landlord ratepayer under § 1531 of the Public Utility Code. Moreover, he neglected to plead that Marshall Square's actions during September 2018 constituted negligent or intentional infliction of emotional distress. Hence, Appellant failed to plead a cause of action for retaliation in a manner that permitted the trial court to address it. Accordingly, had Appellant framed a legal argument to support his claim that the trial court erred in summarily rejecting this retaliation claim, we would not have disturbed that determination.[8]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/20

---

[8] To the extent that Appellant argues that Marshall Square's behavior was tantamount to novel unfair rental practices under § 9-804 of the Philadelphia City Code, which were not addressed by the prior final order, his remedy is to file a formal complaint with the PFHC. *See* Philadelphia City Code, Chapter 9-803 ("The Commission shall have power to hold hearings and conduct investigations in connection with any unfair rental practice upon complaint [and] shall have power to compel the attendance of witnesses and the production of documents as provided in Section 8-409 of The Philadelphia Home Rule Charter.").